**Dodd v. Wal-Mart Stores East, L.P.**

C.P. of Lawrence County, No. 10121 of 2013, C.A.

*James W. Manolis*, for plaintiff.
*Philip J. Sbrolla*, for defendant.

MOTTO, *P.J.*, August 28, 2013—Before the court for disposition are the preliminary objections of the defendant Wal-Mart Stores East, L.P., hereinafter "Wal-Mart" to the complaint of the plaintiff, Franklin J. Dodd, hereinafter "Dodd". Wal-Mart's preliminary objections are in the nature of a demurrer and assert that the complaint fails to state a cause of action in defamation because the conduct and words attributed in the complaint to Wal-Mart's sales associate relative to Dodd's efforts to purchase a firearm at Wal-Mart are not actionable as a matter of law.

The complaint alleges that on September 15, 2012, Dodd was an invitee and patron of Wal-Mart at the Wal-Mart Supercenter Store in Union Township, Lawrence County, Pennsylvania, and was there with the intent to inspect and consider the purchase of a firearm advertised for sale by Wal-Mart. Dodd had with him a close friend who is a gun enthusiast and knowledgeable with respect to firearms, with whom Dodd consulted and intended to rely upon in deciding whether to purchase the firearm. Dodd and his friend inspected the firearm offered for sale by Wal-Mart and discussed its attributes. Dodd decided to purchase the firearm. Dodd was then directed to begin the application process for a background check which was required in order to purchase the firearm. After Dodd completed the application process, the clerk that directed Dodd to prepare the application repeatedly advised him that she was "going to stop the sale." Dodd was in fact either approved for the sale after having submitted the background check application, or would have been approved if considered by the authority to whom it was to be submitted in the event that it was not submitted. Dodd was not given any explanation by any clerk or employee of Wal-Mart of any reason why the firearm would not

be sold to Dodd. Wal-Mart had no reason to believe that Dodd was not qualified or eligible to purchase the firearm, or that he intended to engage in any activity that would prohibit him from exercising his constitutional right to purchase a firearm and bear arms. Wal-Mart had absolutely no justifiable or lawful reason to deny Dodd's request to purchase the firearm and enjoy his constitutional right to bear arms. Wal-Mart had no credible or legal justification to support the decision of the clerk who "stopped the sale." Defendant's friend and several members of the general public heard and witnessed the events described in the complaint. Dodd alleges the conduct and statements of Wal-Mart constitute an implicit communication that Dodd is not qualified to purchase a firearm and that he has an uncomplimentary history that disqualifies him from the right to purchase a firearm and bear arms, or that he intends to engage in illegal activity, and that such implications are false. Dodd alleges that the conduct and statements of Wal-Mart as aforesaid have impaired the reputation and good character of Dodd; that the conduct and statements of Wal-Mart were careless, negligent and reckless; and that Wal-Mart's actions in defaming Dodd were intentional or engaged in with reckless regard for Dodd and were thus outrageous, permitting an award of punitive damages. Dodd further claims to have suffered embarrassment and humiliation, anxiety, damage to his reputation, pain and suffering due to insult to his nervous system and mental anguish and distress.

Wal-Mart argues that the determination as to whether a challenged statement is defamatory is a question of law for the court to decide. Wal-Mart's position is that given the highly regulated nature of firearm transactions and public policy considerations associated therewith, the statement

allegedly by the Wal-Mart sales associate can, at best, be construed to amount to embarrassment or annoyance — not defamation and certainly not actionable. Wal-Mart disputes Dodd's position that the statement "going to stop the sale" implies that Dodd is unfit to own a firearm, as the sale could have been terminated for a number of reasons that have nothing to do with Dodd's ability to own or possess a firearm such as a purchaser's credit card being declined, or the backup check system not working at the time of the sale.

The standard which the court must apply in addressing Wal-Mart's preliminary objections is set forth in *MacElree v. philadelphia Newspapers, Inc.*, 544 Pa. 117, 124, 674 A.2d 1050, 1054 (1996) as follows:

In an action for defamation, it is the Court's duty to determine if the publication is capable of the defamatory meaning ascribed to it by the party bringing suit. *Baker v. Lafayette College*, 516 Pa. 291, 296, 532 A.2d 399, 402 (1987). In order to sustain an allegation of libel, the burden is on the complaining party to establish that the publication being challenged is defamatory. *Thomas Merton Center v. Rockwell International Corp.*, 497 Pa. 460, 464, 442 A.2d 213, 215 (1981), *cert. denied*, 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982). If the Court concludes that the publication is not capable of defamatory meaning, the case should be dismissed. *Id.* at 464-65, 442 A.2d at 215-16.

An appellate court's scope of review where there has been a challenge to the sustaining of preliminary objections in the nature of a demurrer was set forth by this Court in *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983). We stated that

[a]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review.] The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Id.* at 244, 465 A.2d at 1232-33 (citations omitted).

The court here can grant the defendant's preliminary objections only if it determines that the statement complained of is not capable of being defamatory as a matter of law. In assessing whether a publication is defamatory, the court must determine if the communication is capable of being interpreted in a manner that tends so to harm the reputation of the complaining party as to lower him in the estimation of the community or to deter a third person from association or dealing with him. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 303, 167 A.2d 472, 475 (1960).

The circumstances here alleged are that after Dodd completed his background check application, the Wal-Mart employee announced that she was stopping the sale of the firearm. The implication given by this statement, in the context in which it was made, is that Dodd was not a person eligible to purchase a firearm pursuant to the provisions of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. §6101, et. seq. Pursuant to §6111 of the Firearms Act, a licensed dealer is prohibited from selling a firearm to another person if the potential buyer is a person prohibited from possessing a firearm for reasons set forth in §6105 of the Firearms Act. Persons who are prohibited from purchasing or possessing a firearm include those who have been convicted of the enumerated offenses set forth in

§6105(d), a person who is a fugitive from justice, a person convicted of an offense under the Controlled Substance, Drug Device and cosmetic Act, a person who has been convicted of driving under the influence of alcohol or a controlled substance on three or more separate occasions within a five year period, a person who has been adjudicated as an incompetent or has been involuntarily committed to a mental institution, a person who, being an alien, is illegally or unlawfully in the United States, a person who is the subject of an act of protection from abuse order, a person adjudicated delinquent under the Juvenile Act as the result of conduct, which if committed an adult, would constitute one of the offenses described in §6105(c)(7) or (8). Thus, accepting all the allegations of the complaint as true, as the court is required to do, a trier of fact could conclude that one of the foregoing disqualifying factors applied to Dodd. Any one of these disqualifying factors are such that a publication of the same as being attributable to Dodd would tend to harm his reputation or lower him in the estimation of the community or could also be found to have the effect of deterring third persons from associating or dealing with him. Thus, the statements attributed to the Wal-Mart employee under the circumstances described in the complaint are capable of defamatory meaning, and, more pointedly, the court cannot conclude as a matter of law that the alleged publication is not capable of being defamatory.

The defendant argues the sale of the firearm could have been terminated for a number of reasons that have nothing to do with plaintiff's ability to own or possess a firearm. However, if a statement is capable of being construed as an innocent one or a defamatory one, it is for the jury to decide how it was understood by the recipients of the

communication. *MacElree v. Philadelphia Newspapers, Inc.*, 544 Pa. at 127, 674 A.2d at 1055 (1996). where there is doubt as to the defamatory nature of the language complained of, a demurrer must be overruled. *Id.*

The court here concludes that accepting as true all well pleaded material facts in the complaint and all reasonably deducible inferences therefrom, defendant's preliminary objections in the nature of a demurrer must be denied because there is doubt as to the defamatory nature of the challenged statement and the court cannot conclude as a matter of law that the statements are not defamatory in the context in which they were alleged to have been made.

Although Dodd filed preliminary objections to the preliminary objections of Wal-Mart, because the court has ruled in Dodd's favor on the merits of Wal-Mart's preliminary objections, it is not necessary to address Dodd's preliminary objections.

For the reasons above set forth, the court will enter a separate order overruling the Wal-Mart's preliminary objections to the complaint.

## ORDER OF COURT

And now, this 28th day of August, 2013, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that the defendant's preliminary objections to the plaintiff's complaint are denied and overruled. The defendant shall file an answer to the complaint within twenty (20) days of the date this order is docketed.